

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0502-CR
_____

Lisa Marie Fletcher, Appellant

v.

The State of Texas, Appellee

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 58,749-E, Honorable Douglas R. Woodburn, Presiding

April 10, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Lisa Marie Fletcher (appellant) appeals her conviction for tampering with a government record. She was originally placed on three years deferred adjudication after pleading guilty to the indictment. Subsequently, the State filed to adjudicate appellant's guilt which the trial court granted and sentenced her to two years in a state jail facility. Appellant's appointed counsel has now filed a motion to withdraw, together

with an *Anders*[1] brief, wherein she certified that, after diligently searching the record, she concluded that the appeal was without merit. Along with her brief, appellate counsel filed a copy of a letter sent to appellant informing her of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* No response has been filed.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed two potential areas for appeal, which included sufficiency of the evidence to support adjudication and whether the grounds alleged supported adjudication of guilt. However, counsel then proceeded to explain why the issues were without merit.

In addition, we have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions. We have noted that in the judgment, court costs were assessed against appellant and that those costs included attorney's fees of $800 paid for the revocation hearing. There is no evidence in the record that appellant has the ability to pay those attorney's fees so their assessment against her was error. *See Mayer v. State,* 309 S.W.3d 552, 556-57 (Tex. Crim. App. 2010).

Accordingly, the motion to withdraw is granted. The judgment is modified to delete any obligation to pay attorney's fees and, as modified, is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[1]*See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2